STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-13-185

LESLIE BETTINGER,

Plaintiff

v.                                                                ORDER

BERMAN & SIMMONS, P.A.,

STATE OF MAINE
Cumberland, ss, Clerk's Office

MAY 08 2015

RECEIVED

Defendant

Before the court is a motion by defendant Berman & Simmons for reconsideration of the

court's March 23, 2015 order denying summary judgment and denying in part defendant's

motion to exclude certain opinions of plaintiff Leslie Bettinger's expert, Thomas Hallett.

Summary Judgment

Berman & Simmons argues that on summary judgment a plaintiff is obliged to offer

evidence establishing a prima facie case on each element of her cause of action. This obligation,

however, is not unlimited. A party opposing motion is not obliged to establish a prima facie case

for elements of the cause of action not challenged by the movant. *See Corey v. Norman Hanson*

*& DeTroy*, 1999 ME 196 ¶ 9, 742 A.2d 933. Moreover, on summary judgment the court is

required to consider only the portions of the record referred to and the material facts set forth in

the parties' Rule 56(h) statements. *E.g., Johnson v. McNeil*, 2002 ME 99 ¶ 8, 800 A.2d 702.

This means that if the movant's statement of material facts does not address an issue,

summary judgment cannot be granted on that issue. By way of example, the court found that

there is a disputed issue of fact as to whether Attorney Nofsinger breached the applicable

standard of care in her efforts to obtain a substitute expert based on alleged inaccuracies and

omissions in the information she provided to prospective substitutes. The statement of material facts submitted by Berman & Simmons did not assert that the alleged inaccuracies and omissions would not have affected the substitute experts' opinions. Accordingly, Bettinger was not required to offer evidence on that issue.

The court separately ruled that Attorney Hallett cannot offer speculation that, absent Nofsinger's alleged inaccuracies and omissions, the proposed substitute experts she consulted would have changed their opinions. Where that leaves the parties is (1) that summary judgment has been denied on this issue but (2) that to prove that any alleged malpractice by Nofsinger in communicating with proposed substitute experts was a legal cause of injury, Bettinger will have to offer evidence other than speculation by Hallett.[1]

Another issue on which Bettinger has faulted Berman & Simmons relates to Nofsinger's failure to seek an extension beyond January 15, 2008 in which to designate a substitute expert. However, the statement of material facts filed by Berman & Simmons did not assert that there is no evidence other than the opinion offered by Hallett that an extension, if requested, would have been granted. Accordingly, summary judgment cannot be entered based on any failure by Bettinger to offer admissible evidence on that issue.

In its March 23 order the court ruled that any opinion by Hallett that an extension would likely have been granted would be impermissibly speculative. Assuming Bettinger cannot prove this in some other fashion – and the court is not currently aware of any other proof that could be

---

[1] In her opposition to the motion for reconsideration, Bettinger appears to contend that she can do this by offering evidence from a different doctor that the information in question would have affected his opinion. The court expresses no opinion as to whether this would be admissible to prove that the experts consulted by Nofsinger would have changed their views. That is an issue which will have to be decided after further elaboration on a motion in limine or at trial. However, the court adheres to its ruling that Hallett cannot offer an opinion as to whether medical experts would have changed their opinions if Nofsinger had provided them with other information.

offered – this will mean that, to the extent that Bettinger's claim against Berman & Simmons is based on the failure to seek an extension, that claim will fail at trial. For purposes of summary judgment, however, the court is limited to the statements of material facts, and the statement of material facts submitted by Berman & Simmons did not require Bettinger to controvert this issue.[2]

Although Berman & Simmons's motion to exclude Hallett's opinions was combined for oral argument with its motion for summary judgment, those motions were filed and briefed separately. Berman & Simmons is now arguing, in effect, that the only evidence of causation on certain issues consists of opinions by Hallett which are subject to exclusion. That may be true but Bettinger has not made that concession, and unless that issue was raised in the summary judgment papers, the court cannot make that assumption.

This ruling can be characterized as a mechanistic application of the summary judgment rules. However, in the court's view, the summary judgment rules – and in particular the limitation of the summary judgment record to the citations and assertions in the parties' respective statements of material facts – are intended to be mechanistic. Unless rulings on summary judgment are tied to the specific assertions and denials in the parties' Rule 56(h) statements, the court would be left with the task of searching through a record that in this case consists of voluminous deposition transcripts and exhibits. The Law Court has ruled that this is not required or permissible. *Levine v. R.B.K. Caly Corp.*, 2001 ME 77 ¶ 9, 770 A.2d 653.

---

[2] The court does not agree with plaintiff that her conclusory statements that the alleged breaches of duty caused her harm, *see* Plaintiff's Additional Statement of Material Facts ¶¶ 67-68, would be sufficient to preclude summary judgment if the statement of material facts submitted by Berman & Simmons had required plaintiff to offer specific admissible evidence that either the alleged inaccuracies and omissions in the information sent to substitute experts or Nofsinger's failure to seek an extension of the January 15, 2008 deadline would likely have affected the outcome of the case.

3

Finally, the court adheres to the view that Bettinger has offered sufficient evidence to generate a factual dispute for trial with respect to whether Nofsinger's alleged agreement with Attorney Lavoie and her alleged lack of enthusiasm for Bettinger's case amounted to a breach of the standard of care and resulted in harm to Bettinger.

Exclusion of Expert Opinions

In its March 23, 2015 order the court excluded certain opinions offered by Hallett but did not exclude others.

In its order the court noted that while Berman & Simmons argued that certain of Hallett's opinions should be excluded as being contrary to the facts, that is ordinarily an issue for trial. Berman & Simmons points out that an expert's opinion should be excluded when there is no evidence to support it, citing *Green v. Cessna Aircraft Co.*, 673 A.2d 216, 218-19 (Me. 1996). This is correct if there is no dispute as to the facts or if the court can find no evidence to support the opinion in question.

With respect to the opinions that the court did not exclude as being contrary to the facts, *see* March 23, 2015 order at 5 n.2, the court concluded that there was an underlying factual dispute and it was unable to conclude that there was no evidence to support Hallett's opinions. Under those circumstances, whether or not there is a sufficient factual basis for a given opinion is left to trial.

The court adheres to that ruling with respect to all but one of the opinions in question. In its motion for reconsideration Berman & Simmons has demonstrated that the court was incorrect as to Hallett's opinion that it was malpractice not to have advised Bettinger that she could proceed to trial with Dr. Newman's deposition. As to that opinion, there is undisputed evidence

4

that Nofsinger did advise Bettinger that she had the option of using the deposition. *See* Defendant's Statement of Material Facts dated April 11, 2014 ¶¶ 37, 50 (admitted in Plaintiff's statement of material facts filed July 11, 2014).). Accordingly Hallett's opinion that Nofsinger negligently failed to advise Bettinger of this option shall be excluded.

The entry shall be:

1. Defendant's motion for reconsideration of the court's summary judgment order is denied.

2. With one exception, defendant's motion for reconsideration of the court's order declining to exclude certain opinions offered by Attorney Hallett is denied. The exception relates to Hallett's opinion that Nofsinger negligently failed to advise Bettinger of the option of using Dr. Newman's deposition. That opinion shall be excluded.

The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: May 8, 2015

Thomas D. Warren
Justice, Superior Court

5

CLERK OF COURTS
Cumberland County
205 Newbury Street, Ground Floor
Portland, ME 04101


DANIEL LILLEY ESQ
DANIEL G LILLEY LAW OFFICE
PO BOX 4803
PORTLAND ME 04112

*Plaintiff's Counsel*

---

CLERK OF COURTS
Cumberland County
205 Newbury Street, Ground Floor
Portland, ME 04101


JOHN WHITMAN ESQ
RICHARDSON WHITMAN LARGE & BADGER
PO BOX 9545
PORTLAND ME 04112-9545

*Defendant's Counsel*

STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-13-185

LESLIE BETTINGER,

Plaintiff

v.

ORDER

BERMAN & SIMMONS, P.A.,

Defendant

STATE OF MAINE
Cumberland, ss, Clerk's Office

MAR 24 2015

RECEIVED

Before the court are three motions: (1) a motion for summary judgment by defendant Berman & Simmons, (2) a motion by Berman & Simmons to exclude the expert opinions of plaintiff's expert, Thomas Hallett, and (3) a motion by plaintiff Leslie Bettinger to exclude certain of the opinions of defendant's legal malpractice expert, James Martemucci.

Counsel for Berman & Simmons had requested oral argument on the summary judgment motion, and the parties eventually suggested that oral argument be combined with the subsequently filed motions to exclude experts. Oral argument on all three motions was held on February 27, 2015.

1. Summary Judgment

Summary judgment should be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. In considering a motion for summary judgment, the court is required to consider only the portions of the record referred to and the material facts set forth in the parties' Rule 56(h) statements. *E.g., Johnson v. McNeil*, 2002 ME 99 ¶ 8, 800 A.2d 702. The facts must be considered in the light most favorable to the non-moving party. *Id.* Thus, for purposes of summary judgment, any factual disputes must be

resolved against the movant. Nevertheless, when the facts offered by a party in opposition to summary judgment would not, if offered at trial, be sufficient to withstand a motion for judgment as a matter of law, summary judgment should be granted. *Rodrigue v. Rodrigue*, 1997 ME 99 ¶ 8, 694 A.2d 924.

## 2. Legal Malpractice

To prove that Berman & Simmons firm committed legal malpractice or professional negligence, Bettinger must prove (1) that the law firm breached the applicable standard of conduct with respect to its handling of her medical malpractice case against Dr. Bonawitz and (2) that the breach was a legal cause of injury to Bettinger – i.e., that Bettinger would have received a more favorable outcome in the case if Berman & Simmons had not committed professional negligence. *See Corey v. Norman Hanson & DeTroy*, 1999 ME 196 ¶¶ 10, 13, 742 A.2d 933.

## 3. Breach of Standard of Conduct – Disputed Facts

Berman & Simmons argues that the undisputed facts establish that Attorneys Nofsinger and Robitzek communicated extensively with Bettinger while she was their client, that they made significant efforts to obtain a substitute expert after Bettinger's original expert, Dr. Newman, withdrew from the case for personal reasons, that they persevered with Bettinger's case after they had concluded that it could not go forward, that they did not breach any duty of loyalty to Bettinger, and that they made every effort to protect Bettinger's interests and preserve her options when they withdrew from the case. Bettinger argues that each of those issues is disputed.

2

The court concludes that the summary judgment record reveals disputed issues of fact with respect to at least the following issues relating to alleged breaches by Berman & Simmons of the standard of conduct:

1. Whether Nofsinger breached the applicable standard of care in her efforts to obtain a substitute expert based on alleged inaccuracies and omissions in the information she provided to prospective substitute experts. In this connection, Berman & Simmons is correct that Bettinger has not offered evidence that the experts would have changed their opinion if Nofsinger had provided the additional information that Bettinger's expert contends was required. However, this is not an issue which Bettinger was obliged to controvert because this was not an issue which Berman & Simmons challenged in its summary judgment motion. *See Corey v. Norman Hanson & DeTroy*, 1999 ME 196 ¶ 9 (on summary judgment motion, party opposing motion is not obliged to establish prima facie case for elements of the cause of action not challenged by the movant).

2. Whether Nofsinger breached the applicable standard of care by failing to seek a further extension – several prior extensions had already been granted – to designate a new expert before the existing January 15, 2008 deadline expired. Whether there is any basis other than speculation to conclude that another extension would have been granted if one had been sought is an issue discussed below in connection with defendant's motion to exclude certain opinions by plaintiff's expert.

3. Whether Berman & Simmons breached its duty of loyalty to Bettinger by entering into an alleged agreement with counsel for Dr. Bonawitz to dismiss or withdraw if a new expert could not be found or whether Berman & Simmons's discussions with counsel for Dr. Bonawitz assisted Bettinger by buying her additional time in which to attempt to find an expert. Once

3

again, there may be a question as to whether it can be shown that Bettinger would more likely than not have received a more favorable result in the absence of this alleged breach, but that is not an issue on which Berman & Simmons has based its motion for summary judgment.

## 4. Proximate Cause – Disputed Facts

In its summary judgment motion Berman & Simmons also argues that even if there are factual disputes with respect to whether the firm breached the applicable standard of conduct, Bettinger still cannot prevail because her case was lost by successor counsel and therefore any negligence on the part of Berman & Simmons was not the legal cause of the dismissal of Bettinger's lawsuit against Dr. Bonawitz.

The short answer to this argument is that, assuming that successor counsel's failure to designate an expert before the October 23, 2008 hearing on Dr. Bonawitz's motion to dismiss was a legal cause of the dismissal of Bettinger's suit,[1] an injury may have more than one legal cause. See Alexander, Maine Jury Instruction Manual (2014 ed.) § 7-81. For purposes of summary judgment, assuming that the negligence of successor counsel may have played a substantial part in bringing about the dismissal of Bettinger's lawsuit against Dr. Bonawitz, Berman & Simmons has not established that it is undisputed that professional negligence on its part could not also have played a substantial part in the adverse result experienced by Bettinger.

---

[1] Successor counsel came to the October 23, 2008 hearing on Dr. Bonawitz's motion to dismiss with a motion for leave to designate Dr. Dunn as a proposed substitute expert, but that motion was not accompanied by a proposed designation. Whether a dismissal would have been averted if successor counsel had filed that motion earlier and had accompanied that motion with an actual proposed designation is subject to dispute.

4

5. <u>Defense Motion to Exclude Expert Opinions</u>

Berman & Simmons seeks to exclude a number of the opinions offered by Attorney Hallett. First, it contends that certain of Hallett's opinions should be excluded as contrary to the facts.[2] This is not ordinarily a basis to exclude expert opinions. If the factual basis for an opinion is not sound, that can be demonstrated at trial. As to some of the issues on which Hallett's opinions have been offered, moreover, summary judgment has been denied.

On this record the court will not grant defendant's motion exclude the opinions that defendant contends are contrary to the facts. This is without prejudice to any objections that counsel for Berman & Simmons may interpose pursuant to M.R. Evid. 705(b) at trial. Moreover, if there is no factual support for a specific opinion at the close of the evidence, the court may also consider whether aspects of plaintiff's claim should be removed from consideration by the jury pursuant to Rule 50(a).

The second category of opinions that Berman & Simmons seeks to exclude are opinions as to alleged breaches which it contends could not have resulted in prejudice to Bettinger. Once again, this is an issue for trial.[3]

Thirdly, Berman & Simmons challenges Hallett's qualifications to offer one opinion – that Attorney Nofsinger breached the applicable standard of care based on alleged inaccuracies and omissions in the information she provided to prospective substitute experts. On that issue,

---

[2] This relates to Hallett's opinions (1) that Berman & Simmons failed to adequately communicate with the client, (2) that Berman & Simmons failed to advise the client of the option of proceeding to trial solely with the deposition of the original expert, (3) that Berman & Simmons did not make adequate efforts to obtain a substitute expert, and (4) that Berman & Simmons breached a duty of loyalty by entering into an agreement with opposing counsel to withdraw from representation if the client did not consent to dismissal.

[3] Berman & Simmons contends that Hallett conceded that notifying opposing counsel that Dr. Newman had withdrawn before notifying Bettinger did not result in any prejudice. However, the court has not found a concession to that effect in Hallett's deposition although at one point Hallett arguably watered down his criticism by characterizing the notification to opposing counsel as "odd." Hallett Dep. 57.

the court concludes that Hallett is qualified to offer an opinion. Any lack of experience with medical malpractice cases is an issue that goes to the weight rather than the admissibility of Hallett's opinion. The court agrees, however, that Hallett cannot speculate that the additional information, if provided, would likely have changed the views of the doctors who were consulted. That is an issue that can only be proven through other evidence.

Berman & Simmons challenges Hallett's opinion that, if Berman & Simmons had filed a request to extend the January 15, 2008 expert designation deadline, that extension would have been granted. The court agrees that this opinion should be excluded as speculative. Justice Cole had referred to the January 15 deadline, which represented the last in a series of extensions, as "sort of a drop dead date." March 28, 2008 Tr. 15. Given the particular history of this case, Hallett has no basis to offer an expert opinion that Justice Cole would have granted a further extension beyond January 15, and that is particularly true because this court ultimately found that no extensions beyond the January 15 date were warranted. October 23, 2008 Tr. 35.

To the extent that Bettinger seeks to offer an opinion from Attorney Hallett that Berman & Simmons did not have a right to move to withdraw, the court will also exclude that opinion. Hallett conceded at his deposition that Berman & Simmons did not need the client's permission to seek to withdraw, and Bettinger expressly consented to the motion to withdraw.

Finally, to the extent that Bettinger seeks to offer an opinion that Berman & Simmons breached the standard of care by allowing Bettinger to disclose at the March 28, 2008 hearing that Attorney Nofsinger felt that Dr. Shuster was unqualified, the court will exclude that opinion. Bettinger's comments were made in the context of Berman & Simmons's motion to withdraw, and Berman & Simmons had no authority to prevent Bettinger from offering her version of events in that context. Moreover, any statements concerning the qualifications of Dr. Shuster that

6

were made at the March 28 hearing would not have been admissible at trial under any circumstances.

### 6. Plaintiff's Motion to Exclude Expert Opinions

Plaintiff's motion to exclude certain opinions offered in the expert designation of Attorney Martemucci follows plaintiff's successful attempt to convince the court that allowing defendant to designate two attorneys – Michael Nelson on ethical issues and Martemucci on issues relating to medical malpractice litigation – would violate the "one expert per issue" rule. See July 22, 2014 order.

While plaintiff contends that Martemucci cannot thereafter simply adopt Nelson's designation, the court sees no reason why not. Indeed, the court essentially contemplated in its July 22, 2014 order that something to that effect would occur. Expert designations are designed to provide notice of the opinions to be offered, but the details of those opinions can be explored at depositions and on cross-examination at trial.

At the time of the February 27 hearing on the three instant motions, Martemucci's deposition had not been completed but the court finds nothing in the excerpts provided by plaintiff to suggest that Martemucci would be unqualified to offer opinions on ethical issues. Both Martemucci's qualifications and his reasoning can be challenged through cross-examination at trial.[4]

---

[4] If ethical issues were found to constitute a sub-specialty on which Martemucci would not be qualified to offer opinions, the court would conceivably have to revisit its determination with respect to "one expert per issue."

7

## 7. Form of Expert Testimony

Although not directly raised by the parties, the court's consideration of expert testimony in this case raises one other issue with respect to the opinions that may be offered. The opinions in this case appear largely based on the parties' respective view of disputed factual issues and in some cases on disputed evaluations of witness credibility.

However, disputed factual issues are to be decided by the jury – not the experts. Moreover, experts are not entitled to offer opinions with respect to the credibility of fact witnesses. There is a danger that when experts testify as to the factual basis for their opinions in cases that are rife with factual disputes and disputes as to credibility, argumentative presentations of the factual basis for their opinions may unduly influence the jury's evaluation of the facts and the credibility of witnesses. In the court's experience, the opinions of attorneys called as experts pose a particular concern because attorneys are advocates by nature and their expert testimony often hovers over – or crosses – the line between expert opinion and advocacy. This problem has arisen in other legal malpractice cases.

Accordingly, although the mechanistic use of hypothetical questions to experts ("assume the following facts") is neither desirable or required, the court will be receptive at trial to any appropriate requests for limiting instructions and any appropriate objections to the form of questions posed to experts in order to make sure that the jurors understand that they – and not Attorney Hallett or Attorney Martemucci – are responsible for determining facts and evaluating credibility.

The entry shall be:

1. Defendant's motion for summary judgment is denied.

8

2. Defendant's motion to exclude certain expert opinions by Attorney Hallett is granted in part and denied in part. The specific opinions as to which the motion is granted are identified above.

3. Plaintiff's motion to exclude certain opinions in Attorney Martemucci's expert designation is denied.

The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: March 23, 2015

Thomas D. Warren
Justice, Superior Court

9

CLERK OF COURTS
Cumberland County
205 Newbury Street, Ground Floor
Portland, ME 04101

JOHN WHITMAN ESQ
RICHARDSON WHITMAN LARGE & BADGER
PO BOX 9545
PORTLAND ME 04112-9545

Defendants
Attorney

---

CLERK OF COURTS
Cumberland County
205 Newbury Street, Ground Floor
Portland, ME 04101

DANIEL LILLEY ESQ
DANIEL G LILLEY LAW OFFICE
PO BOX 4803
PORTLAND ME 04112

Plaintiffs
Attorney